IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE EARL DUNKLIN, #174406, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1063-MEF |
| | ) [WO] |
| | ) |
| BOB RILEY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Willie Earl Dunklin ["Dunklin"], a state inmate, presents a myriad of claims against numerous defendants with respect to the conditions of confinement to which he is subjected at the Easterling Correctional Facility["Easterling"]. On December 12, 2006, Dunklin filed a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*.

Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Dunklin must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a

substantial threat of irreparable injury without the injunction; (3) that the harm to Dunklin outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Dunklin complains of overcrowding, poor ventilation, the presence of rodents, unsatisfactory drinking water and an unbalanced diet. He further asserts that there is a lack of security at Easterling but then complains that this level IV facility is "punitively operated as [a] maximum security" facility. *Motion for Preliminary Injunction* at 3. In his motion for preliminary injunction, Dunklin seeks an injunction which prohibits "further

overcrowding . . . [additional] housing of inmates at Easterling . . . promoting homosexuality and arbitrarily harassing hetheral (sic) sexual couples during inmates visitation . . . holding minimum custody plaintiff . . . at [a putative] maximum security prison . . . defendant Sharon Blakely . . . [from] censor[ing] inmates mail for defendant Mosley . . . and defendant[s] from . . . forc[ing] inmates through counter productive [drug treatment programs] . . ." *Id*. at 2-3.

Other than his self-serving, conclusory allegations of constitutional violations Dunklin presents nothing which supports his claims for relief and therefore fails to establish a substantial likelihood of success on the merits. Dunklin likewise fails to demonstrate that he will suffer the requisite irreparable harm absent issuance of a preliminary injunction. Moreover, the pleadings before the court are devoid of any evidence which shows that upon balancing the equities of the parties issuance of an injunction would be in the public interest. Thus, Dunklin has failed to establish that he meets each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on December 12, 2006 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before December 27, 2006 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 13th day of December, 2006.

　　　　　　　　　　　　　　　　　/s/ Charles S. Coody
　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE