IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 19 A 9:42

P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIE EARL DUNKLIN #174406
Plaintiff/Appellant

V.

CIVIL ACTION No. 2:06CV-1063-MEF

BOB RILEY, et al., AND
CHARLES S. COODY, CHIEF
UNITED STATES MAGISTRATE JUDGE,
Defendants/Appelless.

## WRIT OF MANDAMUS

Comes now the Plaintiff/Appellant Willie Earl Dunklin, by and through ProSe in the above style Civil Action hereby move this district court on writ of mandamus to be directed to Chief united State magistrate Judge Charles S. Coody for abusing his discretion and acting without Jurisdiction to deny Plaintiff entitled Attorney Fees, Injunction and interrogatories upon defendants herein for undisputed violation of Plaintiff/Appellant's 8th and 14th Amendment Rights to be Free From imminent danger overcrowding, lack of security, Health Hazard condition, Force to drink poison water that defendants wont drink, Rat infested poor ventilated dorms, poor untrain Classification personell, Punitively held at Easter-

(1)

ling Maximum Security Prison under deguise of a level IV Facility and deprived an opportunity to advance a deliberate indifference by the defendants bringing county Jail state inmates into a trippled overcrowded Alabama Department of Corrections specifically Easterling Corr. Fac.

## ISSUE FOR REVIEW

WHETHER THE CHIEF UNITED STATES MAGISTRATE JUDE CHARLES S. COODY ABUSED THIS DISCRETION BY DENYING PLAINTIFF ENTITLED ATTORNEY FEE, INJUNCTION AND INTERROGATORIES WITHOUT JURISDICTION TO DO SO BY NO MAGISTRATE CONSENT SIGN BY PARTIES TO GIVE THE MAGISTRATE JURISDICTION AS REQUIRED BY RULE 73(a) FEDERAL RULES CIVIL PROCEDURE AND 28 USCS § 636(c)?

Plaintiff argue that imminent danger does exist and the Magistrate was infact without jurisdiction to deny Plaintiff entitled Attorney Fee, Preliminary Injunction, and Interrogatorries perscuant to Rules 33, 34, 35, 36 and 37 Fed. R. Civ Proc., and the magistrate was without jurisdiction to exercise authority without parties consent as required by Rule McCabe, the Federal magistrate Act of 1979, 16 Harv. J. Legis 364-79 (1979) 28 uscs § 636(c)(1) Not without standing any provision of law to the contrary - upon consent of the parties a

(2)

Magistrate may exercise jurisdiction. The Plaintiff/Applicant Contend point out to this district court that the Plaintiff never was given the opportunity to sign a magistrate consent form to give the magistrate an opportunity to exercise authority over Plaintiff civil Action to recommend or deny Plaintiff Motion for Attorney Fees, Preliminary Injunction and Interrogatories.

## CONCLUSION

WHEREFORE, in light of the above it is clear that the magistrate has in fact exercised Authority without jurisdiction, and when it is undisputed imminent danger situations required extrodinary Remedies directed to the Article III Judge of the district court for nothing less than a de novo review. The Magistrate Recommendation and orders of denial issued on December 13th, 2006 is due to be stricken from the record and not adopted. In the alternatum of a denial of this Mandamus Plaintiff motion to stay and Interlocutory Appeal to the Eleventh Circuit court of Appeals in forma pauperis is for good cause and in good faith because the defendants herein acts in concert with a practice to violate the 8th and 14th Amendment of the United States Constitution to ascertain funds over human life and liberties. See Alabama v. Pugh, 328 US 781, 54 Led 2d 1114, 98 sct 305 2nd Newman v. Alabama.

Done this 18th day of December 2006

Respectfully submitted,

Willie Earl Franklin

(3)

CERTIFICATE OF SERVICE

I hereby certify this 18th day of December 2006 that I have served a true and correct copy of the same upon the Defendants Attorney and the Chief U.S. Magistrate by U.S. mail postage prepaid.

_Willie Earl Dunklin EL_
Willie Earl Dunklin EL #144406
200 Wallace Drive
Clio, Al 36017

(4)